IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ANTONIO PEARSON,                :
    Plaintiff            :
    v.                   :Case No. 3:12-cv-110-KRG-KAP
BUREAU OF CORRECTIONS INDUSTRY, :
et al.,                         :
    Defendants           :

## Report and Recommendation

### Recommendation

The plaintiff's motion for *in forma pauperis* status, docket no. 4, should be denied, and if plaintiff does not effect service of the complaint and file a return of service on or before October 31, 2012, the complaint should be dismissed without prejudice as provided in Rule 4(m), as to any unserved defendants. Defendants Viewsonic Corporation and Sung Yi filed a motion to dismiss on August 3, 2012, docket no. 6, to which plaintiff has not replied. If plaintiff does not file a reply forthwith, that motion should be granted for lack of opposition.

### Report

Plaintiff, serving a life sentence at S.C.I. Coal Township, was an inmate at S.C.I. Somerset on March 19, 2010, when the defendants allegedly wrongfully took his television set. Plaintiff pursued a claim in state court and now attempts to bring the matter to federal court in the form of a civil rights complaint against many employees of the Pennsylvania Department of Corrections. Plaintiff paid the filing fee but now seeks to shift the cost of service to the taxpayer.

The grant of *in forma pauperis* status is more than a ministerial act to be taken upon a claim of indigence: it is the judicial commitment of public resources to a private litigant on the theory that the public good is advanced by the pursuit of a meritorious (or at least colorable) claim. The Court of Appeals for the Third Circuit examined one of the limits on grants of *in forma pauperis* status in <u>Deutsch v. United States</u>, 67 F.3d 1080, 1092 (3d Cir.1995). In the course of affirming the dismissal of a federal inmate's Federal Tort Claims Act complaint alleging that the United States owed him $4.20 because corrections officers had taken his pens and not returned them, the circuit observed:

> Aside from the fact that we are satisfied that Deutsch's claim lacks meaning to him as a frequent filer of frivolous complaints, we find that **a court's obligation to guard its resources counsels dismissal of this claim**. Indeed, this claim lacks meaning from the court's point of view such that dismissal would be warranted even if the claim were brought by a litigant who had never before filed an *in forma pauperis* suit in federal court. Significantly, the reasonable paying litigant would not find justification for the expense of filing suit in a moral or other non-monetary victory over the defendant. ... **[T]he public simply should not be paying for an indigent litigant to pursue in federal court a claim that the paying litigant is practically barred from pursuing.**

(my emphasis). <u>Deutsch</u> stands for the proposition that the Court should examine the underlying controversy when there is a request for *in forma pauperis* status. The subsequent passage of the Prison Litigation Reform Act only strengthens that proposition for *in forma pauperis* requests by inmates. Plaintiff's complaint is a conclusory assertion that a score of defendants "conspired" to

"retaliate" against him by taking an action, on a date in 2010 that would be beyond the statute of limitations, that at most deprived him of a piece of property that plaintiff alleges cost him $199.88 when purchased in 2008. Not only is deprivation of property a state law claim that is ordinarily redressable in state court, plaintiff alleges that he did in fact seek redress in state court. No reason is offered in the complaint or can be reasonably inferred from the complaint why the taxpayers should subsidize a scattershot piece of litigation that no reasonable person would pursue if he had to bear his own costs.

Pursuant to 28 U.S.C.§ 636(b)(1), the parties are given notice that they have fourteen days to serve and file written objections to this Report and Recommendation. Under <u>Grayson v. Mayview State Hospital</u>, 293 F.3d 103 (3d Cir.2002), plaintiff is given leave to amend his complaint within the same time, except as to the defendants who have already moved to dismiss the complaint.

DATE: September 10, 2012

Keith A. Pesto,
United States Magistrate Judge

Notice to counsel of record by ECF and by U.S. Mail to:

Antonio Pearson BL-0521
S.C.I. Coal Township
1 Kelley Drive
Coal Township, PA 17866-1021